**Jesus Angel RODRIGUEZ–ALVARADO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–72042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2011.

Filed May 9, 2011.

Kathryn Marie Davis, Pasadena, CA, for Petitioner.

Jesus Angel Rodriguez–Alvarado, Corona, CA, pro se.

Susan Houser, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

**676**

MEMORANDUM *

Jesus Rodriguez–Alvarado, a native and citizen of Peru, petitions for review of a decision of the Board of Immigration Appeals denying his motion to reopen as untimely. We deny the petition in part and dismiss it in part.

The 90–day deadline for motions to reopen in 8 C.F.R. § 3.2(c)(2) was not applied retroactively. A statute or regulation has a retroactive effect when it "creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Landgraf v. USI Film Products*, 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (citation omitted). At the time 8 C.F.R. § 3.2(c)(2) became effective, Rodriguez had not yet filed a motion to reopen. He could have met the deadline by filing a motion to reopen by September 30, 1996—three months from the regulation's effective date and over five months after his deportation order. *See Matter of Monges-Garcia*, 25 I. & N. Dec. 246, 249–250 (BIA 2010).

The court lacks jurisdiction to review petitioner's due process arguments because he did not exhaust them before the BIA. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

The request for judicial notice is denied because the court may not take notice of materials outside of the record. 8 U.S.C. § 1252(b)(4)(A); *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir.1996) (en banc).

Petitioner's motion for stay of removal is denied.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION DENIED IN PART AND DISMISSED IN PART.